# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8087 | **DATE** | 9/13/2000 |
| **CASE TITLE** | V.R. COMPOUNDING CORP. vs. OCCIDENTAL CHEMICAL CORP., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court denies plaintiff's motion to remand the case to state court. Because the Carmack Amendment is the exclusive remedy for a breach of contract of carriage provided by a bill of lading, the case is properly before this Court.

Status hearing set for 10/4/00 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | 3 number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 15 2000 date docketed | |
| ✓ | Docketing to mail notices. | | 9 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 00 SEP 14 PM 3: 23 SEP 15 2000 date mailed notice | |
| TBK courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| V.R. COMPOUNDING CORP., d/b/a OVERDALE CORP., <br><br> Plaintiff, <br><br> v. <br><br> OCCIDENTAL CHEMICAL CORP. and BULKAMATIC TRANSPORT CO., <br><br> Defendants. | Judge Ronald A. Guzman <br><br> 99 C 8087 <br><br> SEP 15 2000 |

## MEMORANDUM OPINION AND ORDER

V.R. Compounding Corp., doing business as Overdale Corp. ("Overdale"), has sued Occidental Chemical Corp. ("Occidental") and Bulkamatic Transport Co. ("Bulkamatic") to recover damages resulting from environmental contamination allegedly caused by defendants. Although Occidental originally filed this action in state court, Bulkamatic has removed the action to this Court. Overdale now moves to remand the case to state court. For the reasons provided in this Memorandum Opinion and Order, the Court denies Overdale's motion.

### Facts

Since 1995 and continuing to the present, Overdale has purchased caustic soda beads from defendant Occidental Chemical Corporation. (Cmpl. ¶ 6.) The terms of the sale require Occidental to arrange for delivery of the caustic soda beads to Overdale's chemical storage silo located at Overdale's chemical processing plant in Alsip, Illinois. (Id.)

On various occasions since 1995, Bulkamatic was hired by Occidental to deliver caustic soda to the Overdale using a specially designed transport trailer. (Id. ¶¶ 7-8.) Bulkamatic

1



employees unloaded the soda beads from the transport trailer into the Overdale's chemical storage silo. *Id.* The beads were "blown" from the truck via a pressurized conveying system that resulted in a positive pressure in the silo. (*Id.*)

Overdale claims that on several occasions Bulkamatic personnel caused the release of caustic soda beads into the environment during the deliveries. (*Id.* ¶ 9.) Overdale claims that while unloading the caustic soda beads, Bulkamatic personnel applied too much pressure to the chemical storage silo causing a safety relief valve to open relieving pressure inside the silo. (*Id.* ¶ 10.) Overdale claims that the caustic soda beads that were being delivered discharged from the silo when the safety valve opened during the delivery. (*Id.*)

As a result of the alleged discharge of the caustic soda beads to the environment, the Illinois Environmental Protection Agency ("Illinois EPA") commenced an enforcement action against Overdale through the office of the Illinois Attorney General. (*Id.* ¶ 12.) The Illinois EPA alleged that the discharge of caustic soda beads from Overdale's chemical storage silo resulted in contamination of the soil and groundwater underlying the silo. (*Id.* ¶ 13.) Overdale has alleged total damages in excess of $200,000 as a result of the spillage of caustic soda beads from the chemical storage silo. (*Id.* ¶ 14.)

On October 28, 1999, Overdale filed its Complaint in the Circuit Court of Cook County against Bulkamatic and Occidental. The Complaint included breach of contract and negligent hiring counts against Occidental, and negligence and trespass to land counts against Bulkamatic. (*Id.* ¶¶ 16-33.)

On December 13, 1999, Bulkamatic filed a Notice of Removal and stated that all the Overdale's claims are governed exclusively by the Carmack Amendment to the Interstate Commerce Act. (Defs.' Notice Removal ¶ 4.) Occidental consented to the removal. (*Id.* Ex. 2.)

On January 27, 2000, Overdale moved to remand this case to state court and claimed there is no basis for federal jurisdiction under the Carmack Amendment. (Pl.'s Mot. Remand ¶ 3.)

## Discussion

Article One, Section 8 of the United States Constitution empowers Congress to regulate interstate commerce. Congress has acted on this grant of power by enacting the Carmack Amendment to the Interstate Commerce Act, which provides that carriers who contract to deliver goods are liable to the party receiving the goods for damages arising from a breach of the contract of carriage. 49 U.S.C. § 14706(a). The Carmack Amendment describes liability of the carrier under this act as being "for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier . . . ." *Id.*

Bulkamatic is the carrier that Occidental hired to deliver the material to Overdale. Overdale alleges damages in excess of $200,000 that occurred as a result of the actions of Bulkamatic during the delivery of the caustic soda beads. Since Bulkamatic is a carrier contracted to deliver goods and Overdale was entitled to receive the goods, the correct parties are present in this action.

The remaining issues are whether the Carmack Amendment preempts all state law claims relating to the delivery of shipped goods and whether the damages sought by Overdale are of the type that fall within the scope of the Carmack Amendment. If both inquiries are answered in the affirmative, Overdale's state law claims are preempted and the case should be decided in federal court.

The Supreme Court has ruled that the Carmack Amendment should be interpreted as an act of Congress intending to supersede all state regulations and policies dealing with interstate

commerce. *Adams Express Co. v. E.H. Croninger*, 226 U.S. 491, 505-06 (1913). In *Croninger*, the Court in referring to the scope of the Carmack amendment stated: "Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." *Id.* The Seventh Circuit, relying on *Croninger*, has held that the Carmack Amendment preempts all state and common law remedies resulting from negligent performance of an interstate transportation contract. *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987).

Overdale argues that the preemption of state law claims by the Carmack Amendment might in some instances thwart uniformity and create potential for parallel federal and state litigation because the possibility exists that a lawsuit by an adjacent landowner could be pursued in state court relating to the delivery of the caustic soda beads. (Pl.'s Reply Mem. at 2.) However, the remote possibility of a parallel third party action between an adjacent landowner and a negligent carrier has no bearing on the Court's analysis of the applicability of the Carmack Amendment to the facts of this case. Moreover, it is clear that the Supreme Court has interpreted the Carmack Amendment to preempt all state law remedies between a plaintiff consignee and defendant carrier. Since the case at bar is between the consignee of the shipment at issue and the carrier contracted to deliver the shipment, the Carmack Amendment preempts all state law claims between the parties.

Since the Carmack Amendment was intended to dominate completely the topic of carrier liability, federal law on this topic preempts all state or common law remedies. Therefore, if this lawsuit falls within the scope of the Carmack Amendment, the Court has exclusive jurisdiction over the resolution of the dispute.

Courts have interpreted the scope of carrier liability covered by the Carmack Amendment to extend beyond claims for damages to the property being delivered. "Despite the apparent

statutory limitation to recovery of damage caused to the property itself transported, the Supreme Court . . . from its earliest interpretation has consistently construed [the Carmack Amendment] as likewise imposing liability upon the carrier for all reasonably foreseeable consequential damages resulting from a breach of the contract of carriage . . . ." *Air Prods. & Chems., Inc. v. Illinois Central Railroad Co.*, 721 F.2d 483, 485-86 (5th Cir. 1983).

In *New York, Philadelphia, & Norfolk Railroad Company v. Peninsula Produce Exchange of Maryland*, 240 U.S. 34, 38 (1916), the Supreme Court addressed the question of whether the Carmack Amendment imposes liability for a delay of shipment without physical damage to the property being transported. The Court held that the language of the Carmack Amendment is comprehensive enough to cover all damages resulting from the failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination. *Id.* at 38 ("The words 'any loss, damage, or injury to such property' . . . are comprehensive enough to embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination.") Similarly, in *Southeastern Express Co. v. Pastime Amusement Co.*, 299 U.S. 28, 29 (1936), the Supreme Court also stated that the Carmack Amendment applied to a suit for damages for the interruption of a plaintiff's business caused by the late delivery of a motion picture.

Lower courts have also interpreted the Carmack Amendment to be applicable to cases that do not involve property damage during transport. In *Air Products & Chemicals, Inc. v. Illinois Central Gulf Railroad Co.*, the court stated that the Carmack Amendment provided the exclusive remedy for a breach of a carrier's duty to deliver the correct chemical to a plaintiff that was damaged by the delivery of the wrong chemical. 721 F.2d at 485. Similarly, in *American Synthetic Rubber Corp. v. Louisville & Nashville Railroad Co.*, the court rejected plaintiff's argument that the Carmack Amendment was not applicable to a lawsuit for damages resulting

5

from the delivery of a wrong chemical because there was no damage to the correct chemical that was later delivered. 422 F.2d 462, 464-65 (6th Cir. 1970). The *American Synthetic Rubber* court stated that the Carmack Amendment applies to any cause of action arising by virtue of a breach of an interstate contract of carriage. *Id.*

Overdale's argument in support of remand is an overly formalistic one. Overdale argues that because there have been primarily three types of breaches of a contract of carriage in cases in which courts have held that Carmack Amendment applies, this case must fit one of those types in order for the Carmack Amendment to apply. Overdale opines that the Carmack Amendment only applies where: (1) property was damaged during transport, (2) delivery was delayed, or (3) the wrong product was delivered.[1] (Pl.'s Reply Mem. at 2-3.) In making this categorization, Overdale overlooks the broad language espoused by the Supreme Court and relied on by circuit courts in *Croninger* which states that the Carmack Amendment applies to all foreseeable damages resulting from a breach of a transportation contract. Thus the more precise common thread between the cases in which the courts applied the Carmack Amendment is that there was a breach of a carrier's duty under a transportation contract that resulted in damages to the plaintiff. Therefore, of paramount importance in determining whether the Carmack Amendment applies is whether the damage resulted from the breach of a duty under a transportation contract. Of little importance is the particular type of breach that occurred.

In *Air Products & Chemicals, Inc. v. Illinois Central Gulf Railroad Co.*, a consignee sued a carrier to recover costs of contamination of a large chemical storage tank when the carrier delivered the wrong chemical into the tank. 721 F.2d at 485. The court stated that because the misdelivery resulted from a breach in the carrier's duty to deliver to Air Products the right

---

[1] Of particular note is that Overdale omits the category in which the carrier loses the property, *i.e.*, the property never makes it to the proper destination. *See, e.g., Gordon v. United Van Lines, Inc.*, 130 F.3d 282 (7th Cir. 1997).

6

product into the holding tank, the Carmack Amendment provided the exclusive remedy. *Id.* at 485-87.

In this case, Bulkamatic was contracted to deliver the caustic soda beads into the Overdale's storage silo. Overdale alleges that defendants breached this contract by failing to deliver the caustic soda beads properly into the silo as promised. As a result of the alleged breach of the delivery contract, Overdale claims to have suffered damages in excess of $200,000.00 resulting from the clean up of the environmental contamination after an investigation by the Illinois EPA.

The only difference between the facts of this case and the facts in *Air Products* is that the damage in this case allegedly occurred as a result of the misdelivery of the correct chemical outside of the holding container instead of a misdelivery of the incorrect chemical into the holding container. It is illogical to conclude that the Carmack Amendment only applies where the carrier delivers the incorrect product in breach of the delivery contract. Say, for example, if a carrier simply pumped hydrochloric acid onto the floor of a consignee's warehouse instead of into the proper tank, such would be a breach of the delivery contract and surely the Carmack Amendment would apply. That is the case at bar, except that Bulkamatic allegedly delivered the caustic soda beads outside of the silo instead of inside of it in breach of the delivery contract. Because this case arises from an alleged breach of the delivery contract, the Carmack Amendment applies and jurisdiction exclusively lies in federal court. The plaintiff's motion to remand the case to state court is therefore denied.

## Conclusion

For the foregoing reasons, the Court denies plaintiff's motion to remand the case to state court. Because the Carmack Amendment is the exclusive remedy for a breach of a contract of carriage provided by a bill of lading, the case is properly before this Court.

**SO ORDERED.**

ENTERED: 9/13/00

*/s/ Ronald A. Guzman*

**HON. RONALD A. GUZMAN**
**United States Judge**